## Slifer Estate

*Wright, Mauck, Hawes & Spencer*, for accountant. *Duffy, McTighe & McElhone, Moore, Panfil & James, Donald A. Gallager* and *Albert Smith Faught*, for legatees.

TAXIS, P. J., December 1, 1955.—Charles C. Slifer, decedent, died June 15, 1910, and his will and codicils thereto were duly probated by the Register of Wills of Montgomery County on June 21, 1910.

The present account has been filed because of the death of Marie B. Whitfield, the survivor of the five named beneficiaries of the trust. She died on April 5, 1955, and her death terminated the trust.

The trust arose under item 21 of the will, which reads as follows:

"All the rest residue and remainder of my estate, real, personal and mixed, of whatsoever kind and wheresoever situate, I give devise and bequeath unto my Executors, hereinafter named, in trust, to divide the same into five equal parts and pay over the interest and income derived therefrom unto my nieces and nephews, Mary E. Gerhart, Charles W. Logan, John West Logan, Marie B. Whitfield, and Ella C. Booth for and during all the terms of their natural lives and the natural lives of the survivor of them; provided, however, that in the event of any or either of my said nieces or nephews shall depart this life leaving lawful issue them surviving, then I will and direct that the capital or principal of said share or shares of the one or other of them so dying shall go to and invest in the child or children of the one or others of them so dying the child or children of my deceased child or children to take the part or share their parent or parents would have taken if then living, their heirs, Executors, Administrators and Assigns.

"And at and immediately after the decease of the survivor of my said nieces and nephews, I give, devise and bequeath all the rest, residue and remainder of my said estate unto all the child or children of my nieces and nephews living at the time of such decease, and the lawful issue of such of them as shall be deceased, the child or children of such of them as shall

be deceased to take the part or share their parent or parents would have taken if living, their heirs, executors, Administrators and Assigns forever."

Testator was survived by Mary E. Gerhart, a niece, by Charles W. Logan, also known as Charles D. Logan, a nephew, by John W. Logan, a nephew, and by Marie B. Whitfield (referred to in the will as a niece) and Ella Booth, grandnieces, children of a deceased niece.

Mary E. Gerhart died on August 10, 1910, without issue. Charles W. Logan died on August 22, 1929, without issue. John W. Logan died on March 15, 1923, survived by five children, as follows: Emma Widener, who died on October 20, 1946, without issue, Helen Morshead, Carl P. Logan, Charles B. Logan and Nellie Ludwig. The four surviving children of John W. Logan appeared at the audit of a previous account of the trustees in 1923 and claimed each one-fifth of the residue, and were awarded such shares by the adjudication upon that account.

As above stated, Marie Whitfield, the last survivor of the named income beneficiaries, died on April 5, 1955. She was survived by three children, namely, George Whitfield, Hadley Whitfield and Booth Whitfield, who are living and of full age.

The question for determination is whether, under item 21, the living issue of John W. Logan and the living issue of Marie B. Whitfield are each entitled to a one-seventh share of the principal (per capita distribution) of the trust, or, are the four children of John West Logan entitled each to a one-eighth share and the three children of Marie B. Whitfield each entitled to a one-sixth share of the principal of the trust (distribution per stirpes)?

At the audit, the four living children of John West Logan contend that they are entitled to four-fifths of the trust, that the three children of Marie B. Whitfield are entitled to only one-fifteenth share of the prin-

cipal of the trust. They contend that, since Marie B. Whitfield was, in fact, a grandniece and not a niece, the residue is to be divided into five shares (per capita), one share each to the four children of John Logan (grandnieces of the testator) and one share equally to the three living children of Marie B. Whitfield, whose three living children take their parent's share per stirpes.

At the audit it was conceded that Marie B. Whitfield was in fact a grandniece of testator, rather than a niece.

It is clear from a reading of the entire will of testator that he looked upon Marie B. Whitfield as a niece rather than a grandniece. The fact that he named her in his will is more significant than the description of her as his niece. Moreover, in item 21 testator specifically referred to "nieces" in the plural, and particularly in item 16 called Marie Whitfield "my niece." A reading of the will throughout indicates that the benefactions made by this testator place Marie Whitfield on a parity with nieces and nephews. Although testator incorrectly described Marie Whitfield as a niece, yet a reading of the will indicates that his testamentary scheme intended her to be considered as if she were in fact a niece, that he intended also her children to be considered as "children of my nieces and nephews living at the time of such decease," as provided for in the disposition of the residue in the second paragraph of item 21.

A reading of this paragraph leaves no room for argument that as to distribution "unto all the child or children of my nieces or nephews living at the time of such decease," clearly indicates an intention for a per capita distribution rather than for a distribution per stirpes.

I conclude, therefore, that the principal is to be divided equally among the seven claimants: namely,

Helen Morshead, Carl P. Logan, Charles B. Logan, Nellie Ludwig, George B. Whitfield, Hadley Whitfield and Booth Whitfield, (each one-seventh of residue). The final phrase in the second paragraph of item 21 of the will dealing with distribution per stirpes would be applicable only in the event that these seven named above had lawful issue who would take their deceased parent's share per stirpes . . .

### Opinion sur Exceptions

TAXIS, P. J., February 17, 1956.—Exceptions to the adjudication complain that the auditing judge erred in concluding that the will of the testator placed Marie B. Whitfield's children, who are, in fact, great-grand-nephews, on a parity with exceptants, who are grand-nieces and grandnephews of John W. Logan.

Exceptants contend that they are each entitled to a one-fifth share of the residue rather than the one-seventh share as awarded by the adjudication, by virtue of the dispositive provisions in item 21 which provides as follows: "Residue and remainder of my said estate unto all the child or children of my nieces and nephews living at the time of such decease, and the lawful issue of such of them as shall be deceased." They argue, in their briefs, that the quoted provision is "attached to the gift over of the remainder on the termination of the life estate [and] is entirely disconnected from the other provisions of the will, that it is clear and self-sufficient. Its meaning is clear and there is no necessity to extend it beyond its natural import. There are actual grandnieces and grand-nephews to whom the words apply, and the testator has not shown clearly by other words that he meant also to include great-grandnephews."

The reasons set forth by exceptants were considered and disposed of by the adjudication, and no purpose would be served by repeating what was there

set out. I have considered the able and vigorous arguments of counsel for exceptants and have also reviewed again the cases cited by him in his brief, but conclude that the per capita distribution in one-seventh shares as set forth in the adjudication of the auditing judge is what testator intended as gleaned from a reading of his entire will.

And now, February 17, 1956, the exceptions are dismissed.